UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Carmelo Manuel Marrero,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
Criminal No. 17-298(2) ADM/KMM

___

Carmelo Manuel Marrero, pro se.

___

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Carmelo Manuel Marrero's ("Marrero") pro se Motion Requesting Judicial Recommendation [Docket No. 438]. For the reasons set forth below, the Motion is denied.

## II. DISCUSSION

On June 7, 2018, Marrero entered a plea of guilty to conspiring with other felons to possess firearms. Plea Agreement [Docket No. 303]. On October 18, 2018, Marrero was sentenced to a prison term of 60 months. Sentencing J. [Docket No. 395] at 2. Marrero is currently incarcerated at the Federal Correctional Institution in Florence, Colorado. His projected release date is September 2, 2022. See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last accessed Feb. 4, 2021).

Marrero now seeks a judicial recommendation from this Court to the Bureau of Prisons ("BOP") to place him in a residential reentry center ("RRC") for the maximum possible duration prior to the end of his sentence.

The authority to determine the placement of prisoners rests solely with the BOP. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's

imprisonment . . . ."). The BOP is directed by statute "to transfer prisoners to a residential reentry center ("RRC") as they approach the end of their sentences, in an effort to better prepare the inmates for reentry in the community." United States v. Holcomb, No. CR 01-00218, 2018 WL 1896542, at *1 (D. N.M. Apr. 18, 2018) (citing 18 U.S.C. § 3624(c)). The Second Chance Act of 2007 increased a federal prisoner's eligibility for pre-release placement in an RRC from 6 months to 12 months. United States v. Crawford, No. 8:11CR353, 2020 WL 1074831, at *1 (D. Neb. Mar. 4, 2020) (citing 18 U.S.C. § 3624(c)(1)). In exercising its authority to determine an individual prisoner's RRC placement, one factor considered by the BOP is "any statement by the court that imposed the sentence . . . recommending a type of penal or correctional facility as appropriate." 18 U.S.C. § 3621(b)(4)(B). However, a judicial recommendation has "no binding effect on the authority of the [BOP] . . . to determine or change the place of imprisonment of that person." 18 U.S.C. § 3621(b).

The Court has had no occasion to evaluate Marrero's post-sentencing conduct or rehabilitation since 2018 and therefore, declines to give a recommendation. The BOP is in the best position to determine whether and for how long Marrero should be placed in an RRC.

### III.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant Carmelo Manuel Marrero's pro se Motion Requesting Judicial Recommendation [Docket No. 438] is **DENIED**.

BY THE COURT:

   s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  February 4, 2021